FILED: August 1, 2011

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1174
(1:11-cv-00374-JKB)

RYNELE MAURICE MARDIS

    Plaintiff - Appellee

v.

CAROLYN MARDIS

    Defendant - Appellant

JUDGMENT

In accordance with the decision of this court, this appeal is dismissed.

This judgment shall take effect upon issuance of this court's mandate in accordance with Fed. R. App. P. 41.

/s/ PATRICIA S. CONNOR, CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1174

RYNELE MAURICE MARDIS,

        Plaintiff - Appellee,

   v.

CAROLYN MARDIS,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  James K. Bredar, District Judge. (1:11-cv-00374-JKB)

Submitted:  July 28, 2011           Decided:  August 1, 2011

Before SHEDD, AGEE, and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Carolyn Mardis, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carolyn Mardis seeks to appeal the district court's order remanding this case to the Circuit Court for Howard County, Maryland, from which it was removed. We dismiss the appeal.

Generally, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d) (2006). The Supreme Court has instructed that "§ 1447(d) must be read in pari materia with [28 U.S.C.] § 1447(c) [(2006)], so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127 (1995). Thus:

> § 1447(d) bars . . . review of a district court's remand order only if the order was issued under § 1447(c) and invoked the grounds specified therein, . . . either (1) that the district court granted a timely filed motion raising a defect in removal procedure or (2) that it noticed a lack of subject matter jurisdiction.

Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008) (internal quotation marks, alterations, and citations omitted). "Whether a district court's remand order is reviewable under § 1447(d) is not determined by whether the order explicitly cites § 1447(c) or not." Borneman v. United States, 213 F.3d 819, 824 (4th Cir. 2000).

2

In this case, the district court remanded the action because it lacked subject matter jurisdiction. Under the cited authorities, we are without jurisdiction to review the remand order, and we dismiss the appeal. Appellant's "Motion to Obtain the Record by Court Order" is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

FILED: August 1, 2011

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1174,  <u>Rynele Mardis v. Carolyn Mardis</u>
1:11-cv-00374-JKB

## NOTICE OF JUDGMENT

Judgment was entered on this date in accordance with Fed. R. App. P. 36. Please be advised of the following time periods:

**PETITION FOR WRIT OF CERTIORARI:** To be timely, a petition for certiorari must be filed in the United States Supreme Court within 90 days of this court's entry of judgment. The time does not run from issuance of the mandate. If a petition for panel or en banc rehearing is timely filed, the time runs from denial of that petition. Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. (www.supremecourtus.gov)

**VOUCHERS FOR PAYMENT OF APPOINTED OR ASSIGNED COUNSEL:** Vouchers are sent to counsel appointed or assigned by the court in a separate transmission at the time judgment is entered. CJA 30 vouchers are sent to counsel in capital cases. CJA 20 vouchers are sent to counsel in criminal, post-judgment, habeas, and § 2255 cases. Assigned counsel vouchers are sent to counsel in civil, civil rights, and agency cases. Vouchers should be completed and returned within 60 days of the later of entry of judgment, denial of a petition for rehearing, or the grant or denial of a petition for writ of certiorari. If counsel appointed or assigned by the court did not receive a voucher, forms and instructions are available from the court's web site, www.ca4.uscourts.gov, or from the clerk's office.

**BILL OF COSTS:** A party to whom costs are allowable, who desires taxation of costs, shall file a <u>Bill of Costs</u> within 14 calendar days of entry of judgment. (FRAP 39, Loc. R. 39(b)).

**PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC:** A petition for rehearing must be filed within 14 calendar days after entry of judgment, except that in civil cases in which the United States or its officer or agency is a party, the petition must be filed within 45 days after entry of judgment. A petition for rehearing en banc must be filed within the same time limits and in the same document as the petition for rehearing and must be clearly identified in the title. The only grounds for an extension of time to file a petition for rehearing are the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or an extraordinary circumstance wholly beyond the control of counsel or a party proceeding without counsel.

Each case number to which the petiton applies must be listed on the petition to identify the cases to which the petiton applies and to avoid companion cases proceeding to mandate during the pendency of a petition for rehearing in the lead case. A timely filed petition for rehearing or petition for ehearing en banc stays the mandate and tolls the running of time for filing a petition for writ of certiorari.

A petition for rehearing must contain an introduction stating that, in counsel's judgment, one or more of the following situations exist: (1) a material factual or legal matter was overlooked; (2) a change in the law occurred after submission of the case and was overlooked; (3) the opinion conflicts with a decision of the U.S. Supreme Court, this court, or another court of appeals, and the conflict was not addressed; or (4) the case involves one or more questions of exceptional importance. A petition for rehearing, with or without a petition for rehearing en banc, may not exceed 15 pages. Copies are not required unless requested by the court. (FRAP 35 & 40, Loc. R. 40(c)).

**MANDATE:** In original proceedings before this court, there is no mandate. Unless the court shortens or extends the time, in all other cases, the mandat issues 7 days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay issuance of the mandate. If the petition or motion is denied, the mandate will issue 7 days later. A motion to stay the mandate will ordinarily be denied, unless the motion presents a substantial question or otherwise sets forth good or probable cause for a stay. (FRAP 41, Loc. R. 41).